**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

MARIAM ALI NAJI AL ZUBAIDY, a U.S.
Citizen,

   3675 E. Louise Dr.
   Phoenix, AZ 85050

and

ALI N. AL ZUBAIDI, her father and a Citizen
of Iraq,

   House 15, Street 28, Locality 630
   Al-Amrya, Iraq

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

Serve:  Office of the General Counsel
        Department of Homeland Security
        Mail Stop 3650
        Washington, D.C. 20528

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

Serve:  U.S. Citizenship & Immigration
        Services
        425 I. Street, N.W., Room 6100
        Washington, D.C. 20536

UNITED STATES DEPARTMENT OF
STATE,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

EMBASSY OF THE UNITED STATES,

Case No. 1:19-cv-386

AMMAN, JORDAN,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

KIRSTJEN NIELSEN, Secretary of the
Department of Homeland Security,

Serve:  Office of the General Counsel
        Department of Homeland Security
        Mail Stop 3650
        Washington, D.C. 20528

L. FRANCIS CISSNA, Director of the United
States Citizenship and Immigration Services,

Serve:  U.S. Citizenship & Immigration
        Services
        425 I. Street, N.W., Room 6100
        Washington, D.C. 20536

MICHAEL POMPEO, United States Secretary
of State,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

and;

DOUGLAS A. SILLIMAN, Ambassador of the
United States at the U.S. Embassy, Baghdad,
Iraq,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' IMMIGRANT VISA APPLICATIONS

COME NOW Plaintiffs Mariam A. Al Zubaidy and Ali N. Al Zubaidi to respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' immigrant visa application, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed immigrant visa applications.

## PARTIES

1. Plaintiff Mariam Al Zubaidy ("Mariam") is a citizen of the United States.

2. Plaintiff Ali N. Al Zubaidi ("Ali") is a citizen of Iraq.  He is the father of Mariam Al Zubaidy.  Ali currently resides in Iraq.

3. Under federal immigration law, a U.S. citizen is eligible to file an immigrant visa petition for their immediate relatives, including their parents.

4. Ali is an immediate relative immigrant visa applicant through their United States Citizen daughter, Mariam.

5. Ali is an Iraqi citizen.  Iraq is a predominantly Muslim country.

6. Mariam filed immigrant visa petitions for her parents with the USCIS on November 24, 2015.

7. The USCIS purportedly approved those visa petitions and allegedly forwarded the approved petition to the National Visa Center (hereinafter sometimes referred to as the "NVC"), a division of the DOS, for additional processing.

8.   Mariam filed Form DS-260, Application for Immigrant Visa and Alien Registration for her father with the DOS in August of 2016.

9.   Plaintiffs paid, and Defendants accepted, all applicable filing and visa fees.

10. Ali had his embassy interviews on February 28, 2017.  Since that time, his case has been under administrative processing.  The Defendants have refused to issue an immigrant visa to Ali.

11. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

12. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file immigrant visa applicants.

13. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in Amman, Jordan, and which is responsible for implementing the immigrant visa provisions of the law.

14. Defendant Embassy of the United States in Amman, Jordan (hereinafter sometimes referred to as "the Amman Embassy") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the immigrant visa provisions of the law.

15. Defendant Kirstjen Nielsen, the Secretary of the DHS, is the highest ranking official within the DHS.  Nielsen, by and through her agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as

"the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). Duke is sued in her official capacity as an agent of the government of the United States.

16. Defendant L. Francis Cissna, Director of the USCIS, is the highest ranking official within the USCIS. Cissna is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Cissna is sued in his official capacity as an agent of the government of the United States.

17. Defendant Michael Pompeo, Secretary of State, is the highest ranking official within the DOS. Pompeo is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA. Pompeo is sued in his official capacity as an agent of the government of the United States.

18. Defendant Douglas Silliman is the Ambassador of the Embassy of the United States in Baghdad, Iraq. Silliman is being sued in his official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

19. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

20. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all

maintain offices within this district.

21. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Ali's visa application.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiffs allege and state as follows:

22. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

23. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

24. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

25. The DOS Consular Electronic Application Center claims that Ali's visa application is currently undergoing "administrative processing."

26. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

27. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the

applications of adherents of Islam due to security concerns.

28. On information and belief, Plaintiffs allege that the Defendants are intentionally delaying a response to the DOS in regard to Ali's visa application pursuant to the CARRP program. Plaintiffs allege that this delay is due to Ali N. Al Zubaidi being from a predominantly Muslim country.

29. Upon information and belief, Plaintiffs allege that the DOS is and has been complicit in the delay in processing Ali N. Al Zubaidi's visa application.

30. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

31. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like Plaintiffs—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

32. Although the total number of people subject to CARRP is not known, USCIS data reveals

that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

33. Plaintiffs allege that Ali's application has been in administrative processing beyond a reasonable time period for completing administrative processing of his visa application.

34. The combined delay and failure to act on Ali's immigrant visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

35. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

36. Plaintiffs have exhausted all administrative remedies available to them in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case with the USCIS, the State Department and the National Visa Center.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For their second claim for relief against all Defendants, Plaintiffs allege and state as follows:

37. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

38. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

39. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

40. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs by causing a loss of consortium between them, among other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, Mariam A. Al Zubaidy and Ali N. Al Zubaidi request the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiffs' immigration benefit applications;

4. Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

6. That this Honorable Court take jurisdiction of this matter and adjudicate Ali's immigrant visa pursuant to this Court's declaratory judgment authority;

7. That this Honorable Court issue a writ of mandamus compelling Defendants to issue an immigrant visa to Ali;

8.   That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the visa application;

9.   Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.


**RESPECTFULLY SUBMITTED**
this 14th day of February, 2019


***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Law Practice, LLC
10900 Manchester Rd., Suite 203
Kirkwood, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFFS**